**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARK JOHNSON,

    Plaintiff,

v.                                          Case No. 8:19-cv-3202-T-60AEP

THE FLORIDA STATE GOLF
ASSOCIATION, INC., et al.,

    Defendants.

_____/

**ORDER DENYING "MOTION TO DISMISS AND**
**FOR AN AWARD FOR OF ATTORNEYS FEES;" and**

**_SUA SPONTE_ ORDER DISMISSING FICTITIOUS PARTIES**

This matter is before the Court on Defendant Florida State Golf Association, Inc.'s "Motion to Dismiss and for an Award of Attorneys Fees," filed on February 3, 2020. (Doc. 8). Plaintiff responded in opposition on February 17, 2020. (Doc. 9). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Mark Johnson, a professional photographer, holds a copyright in an original photograph of a golfer trying to hit a ball out of a water hazard (the "Image"). Defendant Florida State Golf Association, Inc. ("FSGA") – a non-profit organization dedicated to promoting, protecting, and preserving the game of golf – used the Image on its website without a license. Plaintiff discovered FSGA's use of

the Image and subsequently filed a single count complaint for copyright infringement against FSGA and ten unnamed Does (the "Doe Defendants").

## Legal Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Motion to Dismiss and for an Award of Attorney's Fees*

FSGA contends that Plaintiff's complaint should be dismissed with prejudice because its use of the Image constitutes fair use. However, the fair use doctrine is an affirmative defense. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

In the context of fair use, it is generally inappropriate to determine the merits of such a claim at this stage of the proceedings "[u]nless the facts necessary to make the determination are evident on the face of the complaint." *Land's End at Sunset Beach Cmty. Assoc., Inc. v. Land's End Acquisition Corp.*, No. 8:16-cv-828-17JSS, 2016 WL 9526680, at *8 (M.D. Fla. Nov. 7, 2016) (citing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). As such, courts asked to resolve this kind of question at this stage of the proceedings will typically deny a motion to dismiss based on fair use. *See, e.g., 3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019) (denying motion to dismiss based on fair use after concluding that fair use defense was not ripe before the summary judgment stage); *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1316-17 (S.D. Fla. 2012) (same).

Here, the necessary facts are not evident on the face of the complaint, and the record is not sufficiently developed at this time, to determine whether FSGA was

engaging in fair use of the copyrighted image.  Therefore, FSGA's "Motion to Dismiss and for an Award of Attorneys Fees" is denied.  However, FSGA is not precluded from raising its fair use defense at the summary judgment stage of these proceedings.  *See 3Lions Publ'g, Inc.* 389 F. Supp. 3d at 1042.

## *Fictitious Parties*

"[F]ictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).

In this case, Plaintiff fails to provide any detail whatsoever about the identity of the Does, their relationship to FSGA, or their specific involvement as it relates to copyright infringement.  Plaintiff only alleges that the Doe Defendants were "responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages . . . were proximately caused by the conduct of said [Doe] Defendants." (Doc. 1 at ¶ 7).  These vague allegations "do not fit the limited exception to the general prohibition against fictitious-party pleading in federal court."  *See Uppal v. Wells Fargo Bank, NA*, No. 8:19-CV-1334-T-02JSS, 2019 WL 5887182, at *6 (M.D. Fla. Nov. 12, 2019), *appeal dismissed sub nom. Uppal v. Wells Fargo Fin.*, No. 19-14953-H, 2020 WL 1250494 (11th Cir. Mar. 10, 2020) (*sua sponte* dismissing John Doe Defendants based on similarly vague allegations).  All fictitious parties are therefore dismissed from this action.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Florida State Golf Association, Inc.'s "Motion to Dismiss and for an Award of Attorneys Fees" (Doc. 8) is **DENIED**.

2. FSGA is directed to file an answer on or before June 18, 2020.

3. All fictitious parties are dismissed as Defendants in this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of May, 2020.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**